**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LA PLAYITA CICERO, INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-5561 |
| | ) | |
| TOWN OF CICERO, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Town of Cicero's motion to dismiss [10] Plaintiffs' complaint pursuant Federal Rule of Civil Procedure 12(b)(6). Rather than challenging the sufficiency of Plaintiffs' factual allegations under 42 U.S.C. § 1983, however, Defendant presents the purely legal question whether this action is barred by the Illinois savings statute, 735 ILCS 5/13-217 (West 1994). For the reasons stated below, the motion [10] is granted.

**I.     Background**

The only facts relevant to the question presented here concern the procedural posture of the case.[1] In April 2007, Plaintiffs filed the claim set forth in the complaint in this matter as a counterclaim to Defendant's complaint for injunctive relief in Illinois state court. Defendant subsequently dismissed its complaint, leaving the counterclaim as an independent cause of action. In February 2009, the counterclaim was dismissed for want of prosecution. Several

---

[1] Taking judicial notice of court records does not convert Defendant's motion to dismiss into a motion for summary judgment. See *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) (citing Fed. R. Civ. P. 12(d)); see also *Ennenga v. Starns*, -- F.3d --, 2012 WL 1292768, at *6 (7th Cir. 2012) (finding that a statute-of-limitations defense could be resolved at the motion-to-dismiss stage "based on the allegations in the complaint and a few undisputable facts within its judicial-notice power").

1

months later, Plaintiffs moved for relief from the dismissal pursuant to 735 ILCS 5/2-1401. The state court granted Plaintiffs' request in December 2009.

In April 2011, Plaintiffs' counterclaim was dismissed again for want of prosecution. This time, however, Plaintiffs moved to vacate the judgment immediately pursuant to 735 ILCS 5/2-1301. The state court granted Plaintiffs' request in May 2011.

In August 2011, Plaintiffs voluntarily dismissed the counterclaim. The state court's order pursuant to the dismissal provided that the parties "agree that [Plaintiffs] have the right to voluntarily dismiss this action pursuant to 735 ILCS 5/2-1009." [10-1 at 15.] The order also stated that Defendant "agrees to waive any arguments as to *res judicata* that may be available under *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008), and expressly agrees that the acquiescence, express reservation, and continuing or recurrent wrong exceptions to the rule against claim splitting apply and do not bar the new action." [10-1 at 15.] The order finally provided that Defendant "agree[s] that the claims will be refiled in [federal court] and [Plaintiffs] will file a motion to consolidate the new action with *LaPlayita Cicero, Inc. v. Town of Cicero, et al.*, Case No. 11-C-01702."[2] [10-1 at 16.]

Days later, Plaintiffs filed the counterclaim as a complaint in this Court. Defendant moved to dismiss the complaint pursuant to Rule 12(b)(6), arguing that the action is barred by the Illinois savings statute. See *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) ("[S]ection 1983 actions are governed by the appropriate state statute of limitations and its corresponding tolling rules.").

---

[2] Case No. 11 CV 1702 recently has been transferred to Judge Lee's calendar; it previously was before Judge Guzman, who denied Plaintiffs' motion to consolidate.

**II.     Analysis**

The Illinois savings statute allows a plaintiff whose action is dismissed for want of prosecution or voluntarily dismissed to refile the action within one year of the entry of the dismissal order or within the remaining period of limitations, whichever is greater. 735 ILCS 5/13-217. The purpose of the statute is to "facilitat[e] the disposition of litigation on the merits and to avoid its frustration upon grounds unrelated to the merits." *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 693 N.E.2d 338, 342 (Ill. 1998). At the same time, the Illinois Supreme Court has stressed that "section 13-217 permits one, and only one, refiling of a claim." *Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 637 (Ill. 1997). "No matter why the second dismissal took place, the statute does not give plaintiff the right to refile again." *Id*.

Here, the parties agree that Plaintiffs' second successful motion to vacate the state court's dismissal for want of prosecution—brought pursuant to 735 ILCS 5/2-1301—was *not* a refiling. [14 at 2.] The parties also agree that Plaintiffs' filing of the complaint currently before the Court *was* a refiling. [1 at 2.] The only issue is the significance of Plaintiffs' first successful motion to vacate the state court's dismissal for want of prosecution, which was brought pursuant to 735 ILCS 5/2-1401. If the § 2-1401 motion was a refiling, then the Illinois savings statute bars Plaintiffs' second refiling here.[3]

Plaintiffs argue that the § 2-1401 petition was not a refiling because Plaintiffs kept the same case number and judge assignment.[4] However, Illinois courts repeatedly have held that a §

---

[3] In its opening brief, Defendant asserts, without support, that "the separate complaint [before Judge Guzman] should really count as a strike as well." [10 at 4.] The Court agrees with Plaintiffs that such an underdeveloped argument is waived. See *United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005).

[4] Plaintiffs also rely on *Progressive Universal Ins. Co. v. Hallman*, 770 N.E.2d 717 (Ill. App. Ct. 2002). There, however, the court only found that, because the time for refiling under 13-217 had not expired, the trial court retained jurisdiction to rule on a § *2-1301* motion. *Id.* at 720.

3

2-1401 petition is the initial pleading in a new, independent cause of action, not a continuation of the original action. See, e.g., *Hanson v. De Kalb Cnty. State's Attorney's Office*, 909 N.E.2d 903, 907 (Ill. App. Ct. 2009) (citing cases); *Gas Power, Inc. v. Forsythe Gas Co.*, 618 N.E.2d 959, 963 (Ill. App. Ct. 1993). Moreover, the Illinois Supreme Court has classified refiling under § 13-217 and bringing a petition under § 2-1401 as two options available to a plaintiff facing a dismissal for want of prosecution, with the latter requiring a plaintiff to meet a heavier burden for relief but available for a longer period of time. See *S.C. Vaughan Oil*, 693 N.E.2d at 346. Because Illinois courts hold that § 2-1401 petitions commence new proceedings and analogize § 2-1401 petitions to § 13-217 refilings, the Court concludes that the Illinois savings statute bars Plaintiffs' second refiling here. See *Timberlake*, 676 N.E.2d at 637 (emphasizing that plaintiffs are entitled to "one, and only one, refiling"). Simply put, when the Circuit Court in Decemnber 2009 granted Plaintiff's § 2-1401 motion to vacate the February 2009 dismissal for want of prosecution and reinstated Plaintiff's case, Plaintiffs availed themselves on the one and only refiling permitted under Illinois law.

Plaintiffs' fallback position is that Defendant waived its savings statute argument, or should be judicially estopped from asserting it, based on its agreement concerning Plaintiffs' voluntary dismissal. In the state court's order entered contemporaneously with the voluntary dismissal, Defendant agreed (1) that Plaintiffs have the right to voluntarily dismiss the action; (2) to waive any arguments as to *res judicata* and claim splitting; and (3) that the case would be refiled in federal court. While the order explicitly mentioned *res judicata* and claim splitting, there is no mention of the Illinois savings statute. The Court therefore has no basis for finding (or inferring) of knowing waiver of Defendant's arguments under that statute, nor is Defendant's position here "clearly inconsistent" with its position in state court as reflected in the order cited

4

above. See *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (finding that, in general, judicial estoppel mandates "that a party's later position must be 'clearly inconsistent' with its earlier position").

### III.     Conclusion

For these reasons, Defendant's motion to dismiss [10] is granted.

Dated:  June 11, 2012                              _____
                                                                            Robert M. Dow, Jr.
                                                                            United States District Judge