IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LA PLAYITA CICERO, INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-5561 |
| | ) | |
| TOWN OF CICERO, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Rule 59(e) motion for reconsideration of this Court's opinion and order granting Defendant's motion to dismiss [19]. For the reasons stated below, the Court grants Plaintiffs' motion [19], withdraws its opinion and order granting Defendant's motion to dismiss [17], and vacates the entry of judgment dismissing the case [18]. This matter is set for a joint status hearing on February 13, 2013, at 11:00 a.m. in Courtroom 1919 with counsel and the presiding judges in this case and Case No. 11-cv-1702. The parties should be prepared to discuss with the judges how to move the claims in both cases forward to disposition in the most efficient and effective manner.

**I.  Background**

The litigation between the parties in this case has a complex, even tortuous, procedural history. It began in April 2007, when Defendant Town of Cicero brought suit against Plaintiffs Gerardo Meza and his corporation, La Playita Cicero, Inc., d/b/a Serenata Restaurant & Bar, in Illinois state court. Plaintiffs responded to the suit by asserting state and federal counterclaims against Defendant. Defendant voluntarily dismissed its claims against Plaintiffs in January 2009.

1

Plaintiffs' counterclaims survived, however, and were transferred as an independent cause of action to a different division of the state court. Plaintiffs subsequently failed to appear at a scheduled hearing – they allege that they did not receive notice that the transfer had taken place – and the state court dismissed their counterclaims for want of prosecution ("DWP") in late February 2009. Eight months later, in October 2009, Plaintiffs sought to vacate the DWP by filing a motion invoking 735 ILCS 5/2-1401, which enables litigants to seek "[r]elief from final orders and judgments, after 30 days from the entry thereof" upon petition to the court." The state court granted the motion, and Plaintiffs' counterclaims moved forward.

In September 2010, Plaintiffs moved to amend their counterclaims to add new factual allegations and additional, individual defendants. The state court denied leave to amend, so Plaintiffs in February 2011 filed a second complaint reiterating and supplementing their allegations against Defendant and naming four new individual defendants. Plaintiffs' second complaint, like their counterclaims, contained a mixture of federal and state law causes of action. Defendants promptly removed the second action to this court, where it is currently pending as Case No. 11-cv-1702 before Judge Lee.

Plaintiffs' counterclaims remained in state court, and in April 2011 the court once more dismissed them for want of prosecution. Plaintiffs again moved to vacate the DWP, this time invoking 735 ILCS 5/2-1301(e), which permits courts to "set aside any default," including DWPs, see 735 ILCS 5/2-1302(d), "before final order or judgment * * * within 30 days after entry thereof." The state court granted this motion, once more resurrecting Plaintiffs' counterclaims.

The revival proved to be short-lived, however, as Plaintiffs moved to voluntarily dismiss their counterclaims in August 2011. At that time, Plaintiffs also entered into an agreement with

Defendant, pursuant to which Defendant agreed to "waive any arguments as to *res judicata* that may be available under *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008), and expressly agree[d] that the acquiescence, express reservation, and continuing or recurrent wrong exceptions to the rule against claim splitting apply and do not bar the new action." The parties also agreed "that the claims will be refiled in the United States District Court for the Northern District of Illinois, and [Plaintiffs] will file a motion to consolidate the new action" with their second action that was already pending in federal court.

Plaintiffs then filed the instant case, which was assigned to this Court. Per their agreement with Defendant, they sought to consolidate this case with Case No. 11-cv-1702, which Defendant (and others) had previously removed to federal court, on the ground of relatedness. Judge Guzman, who was then presiding over the removed case, denied the motion. See Case No. 11-cv-1702 [39]. Both cases have since proceeded independently.

Defendant moved to dismiss Plaintiffs' complaint in this case [10]. It argued that Illinois's "savings statute" or "one-refiling rule," 735 ILCS 5/13-217, barred the suit because Plaintiffs had already refiled the same claims against it multiple times. See *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) ("[S]ection 1983 actions are governed by the appropriate state statute of limitations and its corresponding tolling rules."); *Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 637 (Ill. 1997) ("[S]ection 13-217 permits one, and only one, refiling of a claim."). The parties agreed that Plaintiffs' second successful motion to vacate the state court's DWP – the one that invoked 735 ILCS 5/2-1301 – was *not* a refiling for purposes of § 13-217. They also agreed that Plaintiffs' filing of the complaint currently before the Court *was* a refiling. Thus, the only question for the Court was the significance of Plaintiffs' *first* successful motion to vacate the DWP, which invoked 735 ILCS 5/2-1401.

3

The Court concluded that when the Circuit Court in December 2009 granted Plaintiffs' § 2-1401 motion to vacate the February 2009 DWP and reinstated Plaintiffs' case, Plaintiffs availed themselves of the "one and only refiling permitted under Illinois law." See [17]. Relying on Illinois cases that "have held that a § 2-1401 petition is the initial petition in a new, independent cause of action, not a continuation of the original action," the Court concluded "that the Illinois savings statute bars Plaintiffs' second refiling here." *Id.* The Court therefore granted Defendant's motion to dismiss on this basis. The Court also considered and rejected Plaintiffs' contentions that Defendant should be judicially estopped from asserting its savings statute argument based on its agreement concerning Plaintiffs' voluntary dismissal.

## II. Analysis

Plaintiffs have now filed a motion pursuant to Fed. R. Civ. P. 59(e) requesting that the Court reconsider its previous ruling. They contend that the Court erred as a matter of law "by considering arguments that Defendant raised for the first time in its reply, which the Court relied upon, and which Plaintiffs did not have the opportunity to respond; by holding that the Plaintiffs' motion to vacate the Circuit Court's DWP, which was not a final order, constituted a new filing for the purposes of the Illinois Saving Statute; and in not finding that Defendant waived its arguments in its motion to dismiss by entering into the Order agreeing that Plaintiffs had the right to dismiss and refile in Federal Court." [19 at 1-2].

A court may alter or amend a judgment when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). When a manifest error is alleged, reconsideration is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an

error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Plaintiffs' contention that the Court "erred as a matter of law by considering arguments that Defendant raised for the first time in its reply" does not meet this exacting standard. The sole argument that Defendant presented in its motion to dismiss was that Plaintiffs' complaint in this case violated Illinois's one-refiling rule. Defendant's reply brief presented a more articulate and refined version of its argument concerning 735 ILCS 5/2-1401 than its opening brief did, but Defendant's basic argument – that one or more of Plaintiffs' other filings constituted their "one refiling" – remained consistent across the briefs. Moreover, Defendant's reply-brief argument about the § 2-1401 filing also appears to be a response to Plaintiffs' assertion that "the first and second DWPs did not cause two re-filings of Plaintiffs' Counterclaim as the Town suggests." [13 at 10]. Indeed, it refers to Exhibit B that accompanied Plaintiffs' opposition brief. See *id.* The Court is not persuaded that its citation to case law that Defendant cited in its reply brief constituted manifest error, particularly in light of Plaintiffs' failure to seek leave to file a surreply. See *Franek v. Walmart Stores, Inc.*, Nos. 08-cv-0058, 08-cv-1313, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009); see also *In re Sulfuric Acid Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005).

Plaintiffs' disappointment at the Court's interpretation of the agreement that they voluntarily signed with Defendant likewise does not provide a basis for reconsideration. In the state court's order entered contemporaneously with Plaintiffs' voluntary dismissal, Defendant

5

agreed (1) that Plaintiffs have the right to voluntarily dismiss the action; (2) that they would waive any arguments as to *res judicata* and claim splitting; and (3) that the case would be refiled in federal court. The order expressly precluded Defendant from raising these arguments but was silent as to the Illinois savings statute. Nothing in the plain terms of the agreement suggests that Defendants waived any savings statute argument, or even that the parties considered the statute at that time. The Court declines to reconsider its previous ruling on that ground.

Plaintiffs next assert that "[e]ven though Plaintiffs filed a Motion to Vacate the Dismissal and cited in the body of the motion 735 ILCS § 5/2-1401, the judgment had not become final and therefore § 2-1401 was inapplicable." [19 at 5]. (Plaintiffs made this argument more opaquely in their brief opposing Defendant's motion to dismiss. See [13 at 11].) Thus, Plaintiffs contend that even though their October 2009 motion invoked 735 ILCS 5/2-1401, it was not *really* a § 2-1401 motion because that provision was completely inapplicable given the procedural posture of the case at that time. Therefore, their argument goes, the Court committed manifest error when it treated the October 2009 motion as a § 2-1401 motion, and, based on that characterization, concluded that their case was refiled when that motion was granted.

Upon further review of the pertinent Illinois case law, cited only obliquely by Plaintiffs, the Court agrees that reconsideration of its conclusion about the status of the October 2009 motion is warranted. 735 ILCS 5/2-1401 by its terms applies only to "final orders and judgments." The Illinois Supreme Court has further explained that "relief under section 2-1401 is available only from final orders and judgments. If an order is not final, section 2-1401 is inapplicable and cannot be the basis for vacating that order." *S.C. Vaughn Oil Co. v. Caldwell, Trout & Alexander*, 693 N.E.2d 338, 342 (Ill. 1998). The Illinois Supreme Court also has clearly explained that a DWP order becomes a "final judgment" only after the one-year period

6

prescribed by the one-refiling rule has expired. See *id.* ("[A]t the time the refiling period expires, the DWP constitutes a final judgment because, at this juncture, the order effectively ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." (quotations omitted)). Thus, "until the time of the expiration of the period for refiling, the DWP remains a nonappealable interlocutory order." *Id.* at 346.

So even though Plaintiffs invoked § 2-1401 when challenging the February 2009 DWP eight months after its entry, according to the terms of § 2-1401 and the Illinois Supreme Court's interpretation thereof, Plaintiffs could not in fact have been proceeding under that provision. Instead, they were proceeding under 735 ILCS 5/2-1301(e), the other provision "which pertain[s] to the right of litigants to challenge orders and judgments granted against them by default." *In re Haley D.*, 959 N.E.2d 1108, 1122 (Ill. 2011). Section 5/2-1301(e) grants state courts discretion to "before final order or judgment, set aside any default" and "set aside any final order or judgment" "on motion filed within 30 days after entry thereof." 735 ILCS 5/2-1301(e). When a motion like Plaintiffs' fits within the parameters of § 2-1301(e), whatever its caption or title, the Illinois Supreme Court has held that it "is reversible error" for a court to consider the motion as one filed pursuant to § 2-1401(a) rather than one filed pursuant to § 2-1301(e). See *In re Haley D.*, 959 N.E.2d at 1125 ("Because the circuit court's April 14 default ruling was not a final order or judgment [like in this case], the 30-day postjudgment deadline specified in section 2-1301(e) of the Code of Civil Procedure * * * had not yet even begun to run when Ralph moved to have the default set aside. That being so, it necessarily follows that Ralph was not required to resort to relief under section 2-1401(a), which applies, by its terms, only in those instances when the 30-day postjudgment period has expired. Because a petition for relief under 2-1401 was neither necessary nor proper, * * * the circuit court should have considered Ralph's request to set aside

7

the default using the standards applicable to motions under 2-1301(e), as Ralph originally requested, rather than those relevant to petitions under section 2-1401(a), as the State insisted. Its failure to do so is reversible error."). The Court thus concludes that the Illinois Supreme Court would consider Plaintiffs' October 2009 motion as one brought pursuant to § 2-1301 rather than § 2-1401 and would have expected this Court to have viewed the motion and its disposition through the lens of § 2-1301 regardless of the label mistakenly attached to it in the relevant pleading.

Whether Plaintiffs' October 2009 motion is characterized as a § 2-1301 or a § 2-1401 motion is critical here because, as Defendant has conceded, "[a §] 1301 motion to vacate, made within 30 days after the judgment is entered, is a continuation of the original action." [14 at 2]. A § 2-1401 motion, by contrast, represents the initial pleading in a new, independent cause of action. See, *e.g.*, *Hanson v. De Kalb Cnty. State's Attorney's Office*, 909 N.E.2d 903, 907 (Ill. App. Ct. 2009); *Gas Power, Inc. v. Forsythe Gas Co.*, 618 N.E.2d 959, 963 (Ill. App. Ct. 1993). A § 2-1401 motion is a countable refiling of a new action; a § 2-1301 motion is simply a continuation of the existing action. And since the Court concludes that Plaintiffs' October 2009 filing is properly characterized as a § 2-1301 motion (notwithstanding Plaintiffs' erroneous invocation of § 2-1401 at the time), the Court must conclude that the December 2009 reinstatement of Plaintiffs' counterclaims was just that – a reinstatement – and not a countable refiling. The parties have agreed that Plaintiffs' April 2011 motion to vacate the DWP likewise was not a countable refiling, and the Court previously ruled that Defendant waived any argument that Plaintiffs' suit pending before Judge Lee counts as a refiling. See [17 at 3 n.3]. This suit, then, is the first refiling of Plaintiffs' counterclaims and as such must be permitted to move forward at this time.

With the motion for reconsideration granted and this case reinstated, there remain open questions concerning whether and how the future progress of Plaintiff's counterclaims in this case should (or should not) be affected by the parallel litigation in Case No. 11-cv-1702. Case No. 11-cv-1702 appears to fully subsume this action; the allegations of this suit are virtually identical to some of the allegations asserted against Defendant in Case No. 11-cv-1702. Compare [1 ¶ 12] *with* Case No. 11-cv-1702 (N.D. Ill.) [1-1 ¶¶ 59-60, 63-67, 69, 84-85]; see also Case No. 11-cv-1702 (N.D. Ill.) [1-1 ¶ 4] ("The allegations set forth herein arise out of and relate to the Counterclaim filed by Plaintiffs * * * *"). To explore those issues more fully in the interests of economy, efficiency, and consistency – both for the parties and the judiciary – this case will be set for a joint status hearing with Case No. 11-cv-1702 on February 13, 2013, at 11:00 a.m. in Courtroom 1919 before Judges Lee and Dow.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiffs' motion to reconsider [19], withdraws its opinion and order granting Defendant's motion to dismiss [17], and vacates the entry of judgment dismissing the case [18]. The case is reinstated and set for status on February 13, 2013, at 11:00 a.m. in Courtroom 1919.

Dated: January 24, 2013

_____
Robert M. Dow, Jr.
United States District Judge