IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LA PLAYITA CICERO, INC., d/b/a | ) | |
| SERENARA RESTAURANT & BAR | ) | |
| And GERARDO MEZA, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.  11 CV 05551 |
| | ) | |
| vs. | ) | HONORABLE JUDGE JOHN Z. LEE |
| | ) | |
| TOWN OF CICERO, a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO SUPPLEMENTAL COMPLAINT

NOW COMES the Defendant, the TOWN OF CICERO, by and through its attorney,

Cynthia S. Grandfield, of Del Galdo Law Group, LLC, and in answering:

### Introduction

1.      Plaintiffs bring this action to redress acts of equal protection violations pursuant to

42 U.S.C. § 1983 (Count I); and retaliation in violation of the First Amendment pursuant to 42

U.S.C. § 1983 in violation of Plaintiffs' rights to free speech and political association (Count II).

**ANSWER:   Defendant admits that Plaintiffs bring the causes of action referenced in**

**Paragraph 1 but denies that any civil rights violations occurred.**

### Jurisdiction

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.

**ANSWER: Defendant admits that this Court has jurisdiction.**

3.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because

Plaintiffs and Defendant either reside in this district or have their principal place  of  business

in  this  district,  and  all  events  giving  rise  to  Plaintiffs'  claims  occurred  within  this district.

**ANSWER:  Defendant admits that venue is proper.**

1

4.    This Complaint is the refiling of Plaintiffs' Counterclaim, *Cicero v. Serenata*, Case No. 07 CH 00474 (Cook County, Law Division), pursuant to the order entered on August 11, 2011 by the Circuit Court of Cook County and under applicable state law which allows for refiling within 1 year of a voluntary dismissal.

**ANSWER: Defendant denies the allegations contained in Paragraph 4.**

<u>PARTIES</u>

5.    Plaintiff LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT AND BAR is an Illinois corporation and was operating as a restaurant and bar within the Town of Cicero at 6007-6009 West Cermak Road, Cicero, Illinois (hereinafter Serenata").

**ANSWER: Defendant admits the allegations contained in Paragraph 5.**

6.    Plaintiff Gerardo Meza owns Serenata, and is Hispanic and of Mexican descent (hereinafter "Plaintiff" or "Meza").

**ANSWER: Defendant admits the allegations contained in Paragraph 6.**

7.    Defendant TOWN OF CICERO is a municipality incorporated under the laws of the State of Illinois.

**ANSWER: Defendant admits the allegations contained in Paragraph 7.**

**<u>Facts Upon Which Claims Are Based</u>**

8.    Since in or about July 2006 and continuing to the present, Cicero has engaged in a campaign of harassment and frivolous filings against Plaintiffs based on illegitimate animus in violation of Plaintiffs' due process and equal protection rights and in violation of Plaintiffs' rights under Illinois law. In light of the facts set forth below, Plaintiffs sought assistance from the Court to stop the blatant violations that Cicero continued to engage in a malicious attempt to close Serenata, and which ultimately resulted in the forced closing of

Serenata Restaurant.

**ANSWER: Defendant denies the allegations contained in Paragraph 8.**

9. Town President Larry Dominick and the Town of Cicero have engaged in a widespread pattern of discriminating against Hispanics and minority employees and residents of the Town.

**ANSWER: Defendant denies the allegations contained in Paragraph 9.**

10. Town President Larry Dominick and other high-ranking Town of Cicero officials have referred to Hispanics in Precinct Captain Meetings and elsewhere as "Wetbacks" and other racially derogatory and offensive terms.

**ANSWER: Defendant denies the allegations contained in Paragraph 10.**

11. Town President Dominick made comments at precinct captain meetings that he was going to fire or retaliate against people who did not support him politically or who supported his political opponent. He made comments such as "if you are against me, if you don't want to be with me, I will get rid of your ass, or we'll get rid of you."

**ANSWER: Defendant denies the allegations contained in Paragraph 11.**

12. Town President Larry Dominick and the Town of Cicero have engaged in a campaign of retaliation against businesses, employees, and residents for speaking out publicly about the political and government corruption by this administration.

**ANSWER: Defendant denies the allegations contained in Paragraph 12.**

13. As reflected by among the following facts, Cicero has engaged in numerous attempts to harass and retaliate against Plaintiffs and force the closing of Serenata's doors, including but not limited to the following:

**ANSWER: Defendant denies the allegations contained in Paragraph 13.**

*December 2006*

14.     On New Years' Eve, December 31, 2006, (one of the busiest days of the year for Serenata) at approximately 10:00 p.m., Cicero Police Officers and the Deputy Liquor Commissioner, who happens to be the President of Cicero's brother-in-law, appeared at Serenata checked identification of various patrons to ensure that only those being served alcohol were at least 21 years of age. In fact, no one under the age of 21 was served alcohol. Despite no violations, the Deputy Liquor Commissioner ordered that the entire business be closed and ordered all of the patrons out of the Restaurant. This forced closure was in violation of 235 ILCS § 5/7-5.

**ANSWER:  Defendant denies the allegations contained in Paragraph 14.**

*January 2007*

15.     On January 4, 2007 at approximately 7:00 p.m., Cicero served Serenata with notice of an emergency motion set for 10:00 a.m. on January 5, 2007 before the Cicero Liquor Commission on a notice of summary suspension and forced closure for seven (7) days.

**ANSWER:  Defendant admits that Plaintiffs were served with a notice of hearing and that a hearing was set and held on January 5th, 2007.  Defendant denies each and every remaining allegation contained in Paragraph 15.**

16.     The next day, on January 5, 2007 at 10:00 a.m., Plaintiffs appeared through their counsel before the Cicero Liquor Commission for the Emergency Hearing, and the Judge ordered that Seranata was allowed to reopen its doors that very same day, as Cicero could not force the closure of the restaurant under 235 ILCS § 5/7-5.

**ANSWER:  Defendants admit that a hearing was held before a hearing officer on January 5th, 2007.  Defendants deny each and every remaining allegation contained in Paragraph 16.**

17.     Because the hearing officer before the Liquor Commission ordered that Cicero could not force a closure of the business, Cicero, on the same date (January 5, 2007) at

4

2:04 p.m., filed its Emergency Motion for an Interlocutory Injunction *Ex Parte* before the Cook County Chancery Court. Cicero's motion was filed *ex parte* despite the fact that earlier that same day at approximately 10:30 a.m. Cicero was aware that Plaintiffs were represented by counsel.

**ANSWER: Defendant admits that it filed a motion for a TRO on January 5th, 2007. Defendant denies each and every remaining allegation contained in Paragraph 17.**

18.     On January 10, 2007, after holding a hearing, the Chancery Court Dissolved the Temporary Restraining Order (TRO) it entered on January 5, 2007 and entered an Order and finding: What I am finding here, just so that the record is clear, and I am finding it by clear and convincing evidence based upon, as I stated before, the truly experienced structural engineer that we all heard from. Even though this is not a proceeding where usually evidence is taken, this was taken. It was taken without objection from the Village of Cicero which I think is in everyone's interest even though these are not normally evidentiary proceedings. I think we are all -- as we talked about yesterday, it is in everyone's interest to have this restaurant open and opened safely. The Village did not object to the testimony of Mr. Anderson. I have taken that into account. I found basically that your likelihood of success on the merits concerning the first floor occupancy is not likely and that because that requirement hasn't been satisfied, that is why I am dissolving the TRO.

**ANSWER: Defendant admits that the TRO was dissolved on January 10th, 2007. Defendant denies each and every remaining allegations contained in Paragraph 18.**

*February 2007*

19.     On Monday, February 5, 2007, Cicero issued another suspension order to all of the above proceedings, and for an incident that Cicero alleges occurred on January 12, 2007, almost a month prior. There is no evidence, simply based on the timing

alone, that said allegations were an "immediate" threat to the welfare of the community, which is an essential element under 235 ILCS § 5/7-5. If there was any validity to allegations of "an immediate threat," then Cicero should have issued a summary suspension order immediately after the incident in November 2006 and not three (3) months later. Moreover, there were no allegations upon the face of the Hearing Notice upon which Cicero could sustain a violation.

**ANSWER: Defendant denies the allegations contained in Paragraph 19.**

20.     On February 8, 2007, Plaintiffs filed an Emergency Motion to Vacate the Summary Seven (7) Day Suspension, or Alternatively, Demand for Hearing, which is required under 235 ILCS § 5/7-5. This motion was completely ignored by Cicero and the Cicero Liquor Commission, thus, depriving Plaintiffs of their rights under 235 ILCS § 5/7-5, which requires a hearing, and denying Plaintiffs their due process rights under the Illinois and United States Constitutions. As a result, Plaintiffs were forced to serve the summary suspension for seven (7) days without an opportunity to be heard on the alleged violations (again a requirement under 235 ILCS § 5/7-5).

**ANSWER: Defendant denies the allegations contained in Paragraph 20.**

21.     The Town of Cicero passed a new town ordinance without giving notice to the public and without posting the Ordinance changes. The new Ordinance only affected the class of liquor licenses that are held primarily, if not solely, owned by Hispanic businesses ("AA" Liquor Licenses). The Ordinance was changed and a letter was drafted, but not sent, to the business owners about the new Ordinance prior to the elections. Business owners were not notified until months after the election. Town officials intentionally withheld this information until after the elections for political reasons.

**ANSWER: Defendant denies the allegations contained in Paragraph 21.**

22.     On February 27, 2007, Paul Dembowski, the deputy Liquor Commissioner, and Town President Larry Dominick's brother-in-law, sent out notice to the Hispanic Owned businesses holding "AA" liquor licenses, stating: "Effectively immediately you are required to comply with the newly revised Town of Cicero Liquor Control Ordinance . . . passed by the Board of Trustees of the Town of Cicero on 10-24-06." This was done despite the fact that all of the Hispanic owned businesses, including Serenata, had previously renewed their liquor licenses, paid the required fee, and were not notified of the change. The immediate notice from the Deputy Liquor Commissioner placed on undue hardship and caused substantial damage to Plaintiffs as well as other Hispanic business owners that complied with the request.

**ANSWER: Defendant denies the allegations contained in Paragraph 22.**

23.     When various Hispanic business owners, including Plaintiffs, questioned the "newly revised Ordinance" and after these actions obtained attention by the Hispanic media, the Town of Cicero claimed that the passage of the "newly revised [] Ordinance" was a "mistake," and represented that it would change the Ordinance back to what it had previously stated.

**ANSWER: Defendant denies the allegations contained in Paragraph 23.**

24.     A Town official admitted to Plaintiffs owner that the revisions to the Ordinance as to "AA" liquor licenses was made because of Plaintiffs, and was done to have an effect on Plaintiffs' business.

**ANSWER: Defendant denies the allegations contained in Paragraph 24.**

*April 2007*

25.     Yet again, on April 9, 2007, Cicero served Plaintiffs with another Motion for Immediate Closure and Order summarily suspending Cicero's liquor license for seven (7) days.

7

This Motion and Order is also in violation of 235 ILCS § 5/7-5 and Plaintiffs' Due Process and Equal Protection Rights. Again the allegations cover an incident that allegedly occurred on March 1, 2007, over a month prior to the Order and Notice of Suspension.

**ANSWER: Defendant denies the allegations contained in Paragraph 25.**

26.     Plaintiffs appeared at the hearing of April 12, 2007 through their counsel. The Town of Cicero, through the Hearing Officer, sustained the Order suspending Plaintiffs' liquor license for seven (7) days without the Town of Cicero presenting any evidence in clear violation of the civil rules of procedure and fundamental due process. Despite Plaintiffs' request to present evidence in response to the charges, Cicero through its hearing officer refused to hear any evidence and denied Plaintiffs the right to present such evidence. The Town of Cicero violated Plaintiffs' fundamental due process rights as guaranteed under the United States and Illinois Constitutions.

**ANSWER: Defendant denies the allegations contained in Paragraph 26.**

27.     As a result of the numerous errors of law and because Cicero has continued to violate Serenata's due process rights, Serenata was forced to file yet another Emergency Motion before the Chancery Court seeking a temporary restraining order ("TRO"). After hearing evidence from both sides, the Chancery Court issued a TRO (hereinafter referred to as "April 13th TRO") enjoining the Town of Cicero from enforcing its closure Order of April 9, 2007, and allowing Serenata to continue to operate and use its liquor license.

**ANSWER:  Defendant admits that a TRO was issued on April 9th, 2007 in favor of Serenata with regards to its liquor license.  Defendant denies each and every remaining allegation contained in Paragraph 27.**

28.     Cook County Chancery Judge Berman granted the April 13th TRO because, as he stated in open court: "The hearing officer didn't give [Serenata] an opportunity to defend.  I

8

think this was as much of a rubber stamp proceeding as I can possibly image, that's why. There is a way to conduct a hearing. There is a way to make sure that each side is clearly given an opportunity to present their side of the case. This wasn't done that way."

**ANSWER: Defendant denies Paragraph 28.**

*July 2007*

29.     On July 10, 2007, the Cicero Health Director threatened to hold Serenata's "Food Service Establishment Operating Permit" because tickets were unpaid that were issued to employees of a private security company for the January 12, 2007 incident regarding a bar patron. On September 20, 2007, the Administrative Ordinance Court dismissed this charge as improper as against Serenata. During the dismissal process, the Cicero Health Director admitted that he had been ordered "from above" to institute the charge against Serenata.

**ANSWER: Defendant denies the allegations contained in Paragraph 29.**

30.     On July 16, 2007, Cicero issued a ticket to Serenata for posting a sign without a permit. The banner sign the Town of Cicero complained of had been in place for three (3) years without incident. On September 20, 2007, the Administrative Ordinance Court dismissed this ticket because Serenata, in fact, did have a permit for the Sign.

**ANSWER: Defendant admits the first sentence of Paragraph 30. Defendant lacks sufficient knowledge or information to admit or deny the second sentence of Paragraph 30.**

*August 2007*

31. On August 29, 2007, a hearing was finally held before the Cicero Local Liquor Commission on the consolidated charges 06C-LLC-12, 07-LLC-01, 07-LLC-03, and 07-LLC-05. At the hearing, Cicero violated Serenata's due process rights by admitting only hearsay evidence and presenting no witnesses with direct knowledge on any of the allegations.

**ANSWER: Defendant admits that a hearing was held on these charges on August 29th,**

**2007. Defendant denies each and every remaining allegation contained in Paragraph 31.**

*September 2007*

32. Despite the lack of evidence presented by Cicero, on September 10, 2007, the Cicero Local Liquor Commission sustained all charges except 07C-LLC-05, and issued an order completely revoking Serenata's liquor license.

**ANSWER: Defendant admits that Serenata's liquor license was revoked on September 10th, 2007 and that charge 07C-LLC-05 was not sustained. Defendant denies each and every remaining allegation contained in Paragraph 32.**

33. That same afternoon, Serenata filed an appeal to the State Commission, in accordance with 235 ILCS § 5/7-9. The State Liquor Commission reversed the Order and revocation of the Cicero Liquor Commission.

**ANSWER: Defendant denies the first sentence of Paragraph 33. Defendant admits the second sentence of Paragraph 33 but does not admit that this occurred in September of 2007.**

34. Pursuant to 235 ILCS § 5/7-9, Serenata should have been allowed to continue to operate its licensed business and should have been allowed to continue to serve alcohol until the completion of the appeals process.

**ANSWER: Defendant denies the allegations contained in Paragraph 34.**

35. However, on September 11, 2007, Cicero confiscated Serenata's liquor license and claimed that he did not have the right to continue to serve alcohol.

**ANSWER: Defendant denies the allegations contained in Paragraph 35.**

36. On September 12, 2007, the Cicero police arrived at Serenata and ordered it closed, despite the fact that this was a clear violation of the Statute, 235 ILCS § 5/7-5. After discussions between the Parties, the Restaurant was allowed to remain open, but Cicero issued yet

another Dram Shop violation and Ordinance Citation to Serenata.

**ANSWER: Defendant denies the allegations contained in Paragraph 36.**

37.     The Superintendent of Police, Chief Iniquez, showed up approximately an hour later on September 12, 2007, and threatened Meza that if he continued to serve alcohol, despite the automatic stay in place pursuant to 235 ILCS § 5/7-9, he would arrest Meza, and thus, force the Restaurant to be closed. The Cicero police also threatened to arrest the owner of Serenata if he continued to operate his licensed business during the appeals process.

**ANSWER: Defendant denies the allegations contained in Paragraph 37.**

38.     On September 19, 2007, Cicero again threatened to close down Serenata, falsely claiming that it did not receive its Notice of Renewal of Insurance. The notice was sent to Cicero automatically by Serenata's insurance carrier as has been its practice for the past three years.

**ANSWER:   Defendant denies the allegations contained in Paragraph 38.**

*October 2007*

39.     On October 7, 2007, the Illinois State Liquor Commission confirmed that Serenata was entitled to the automatic stay.

**ANSWER:  Defendant denies the allegations contained in Paragraph 39.**

*January 2008*

40.     On January 7, 2008, the Illinois State Liquor Commission reversed the Town of Cicero's order of September 10, 2007 revoking Serenata's liquor license. The State Liquor Commission held in relevant part: "[W]ith regards to Count No. 06C-LLC- 12: a) The Commissioner did not proceed in the manner provided for by law in that he accepted inadmissible hearsay evidence. . . ." and "with regards to Count No. 07C-LLC-

01:

b) The findings are not supported by substantial evidence in light of the whole record

11

in that the Commissioner failed to provide sufficient proof to support his finding that the Licensee 'blatantly and with a flagrant disregard for public safety' was serving alcoholic liquor in an unauthorized portion of the licensed business. The Town failed to refute Licensee's testimony that Town Attorney, Jim Vasselli acknowledged local approval of the use of the bar on the second floor. Statements by a Town Attorney carry significant legal impact and this Commission finds Licensee's reliance on said statement was reasonable and appropriate in light of the surrounding circumstances.

**ANSWER: Defendant admits the allegations contained in Paragraph 40.**

41.     On or about January 31, 2008, the Town of Cicero conducted an undercover sting operation of Serenata.

**ANSWER: Defendant denies the allegations contained in Paragraph 41.**

42.     The Town of Cicero had the sting participant engage in entrapment to have the waitress serve him with alcohol. He also looked over the age of 21 years of age

**ANSWER: Defendant denies the allegations contained in Paragrarph 42.**

43.     Dembowski and Polk refused to allow Meza to see the individual's ID.

**ANSWER: Defendant admits that Meza was not allowed to see the individual's IDs. Defendant denies each and every remaining allegation contained in Paragraph 43.**

*February 2008*

44.     In February 2008, Serenata was again served with a notice of hearing and emergency closure.

**ANSWER: Defendant admits the allegations contained in Paragraph 44.**

*April 2008*

45.     On April 21, 2008, the Cicero Hearing Officer, who was previously found to be a rubber stamp for the Town of Cicero, found in Cicero's favor on the Charges and ordered that Serenata be suspended for 30 days and pay a $2,000 fine.

**ANSWER: Defendant admits the allegations contained in Paragraph 45 but denies that the hearing officer was found to be a "rubber stamp" for the Town of Cicero.**

46.     The Cicero Hearing Officer found in Cicero's favor despite the fact that the Town of Cicero engaged in entrapment.

**ANSWER:  Defendant denies the allegations contained in Paragraph 46.**

47.     The Cicero Hearing Officer found in Cicero's favor despite the fact that other businesses did not receive a substantial suspension or fine for similar or more egregious alleged violations.

**ANSWER:  Defendant denies the allegations contained in Paragraph 47.**

*May 2008*

48.     On or about May 23, 2008, the Town of Cicero conducted yet another sting of Serenata.

**ANSWER:  Defendant denies the allegations contained in Paragraph 48.**

49.     The Town of Cicero accused Serenata and Meza of serving alcohol to a minor.

**ANSWER:  Defendant admits that Serenata served alcohol to a minor in May of 2008. Defendant denies each and every remaining allegation contained in Paragraph 49.**

*July 2008*

50.     On July 30, 2008, Plaintiffs received an order signed by President Dominick suspending their license for 30 days and a $2,000 fine.

**ANSWER:  Defendant admits the allegations contained in Paragraph 50.**

51.     Other businesses were not targeted at the same level as the Town of Cicero targeted Plaintiffs, and did not receive severe suspension or fine for similar or more egregious alleged violations.

**ANSWER:  Defendant denies the allegations contained in Paragraph 51.**

*November 2008*

52.     In November 2008, Meza attended a Town Board Meeting.

**ANSWER:  Defendant denies the allegations contained in Paragraph 52.**

53.     In or about November 2008, Larry Dominick's body guard, Serge Rocher, grabbed Meza as he was expressing his opinions during a Town Board meeting and tried to pull him away from the podium.

**ANSWER:  Defendant denies the allegations contained in Paragraph 53.**

54.     The Town sent police officers or investigators to Serenata while Meza was at the Town Board Meeting.

**ANSWER:  Defendant denies the allegations contained in Paragraph 54.**

55.     The Town intentionally targeted Serenata knowing Meza was attending the Town Board Meeting.

**ANSWER:  Defendant denies the allegations contained in Paragraph 55.**

56.     The Town ticketed Serenata and issued a notice of seven day closure dated December 8, 2008.

**ANSWER:  Defendant denies the allegations contained in Paragraph 56.**

*December 2008*

57.     In or about December 2008, Plaintiffs could not renew their license because Defendant had default judgments entered on various Administrative Ordinance citations, despite the fact that the Town had previously agreed that it would dismiss those citations.

**ANSWER:  Defendant denies the allegations contained in Paragraph 57.**

58.     On December 31, 2008, New Years Eve, Dembowski came by Serenata with the intent of harassing Meza and Serenata and trying to trump up charges against Serenata for alleged liquor violations. Meza's attorney was present for New Year's Eve. Dembowski left as a result.

**ANSWER:  Defendant denies the allegations contained in Paragraph 58.**

*January 2009*

59.     On January 12, 2009, Town of Cicero issued an order sustaining the December 8, 2008 charges and notice of hearing, and fined Serenata $500 and suspended Serenata for another seven days.

**ANSWER:  Defendant admits the allegations contained in Paragraph 59 but only admits that it suspended Serenata with respect to liquor for seven days.**

60.     On or about January 28, 2009, the Town of Cicero's Second Amended Complaint in the Chancery Court of Cook County against Serenata and Meza was dismissed

**ANSWER:.  Defendant admits that it voluntarily dismissed the Second Amended Complaint on January 28th, 2009 in the Cook County Chancery Division.  Defendant denies each and every remaining allegation contained in Paragraph 60.**

61.     Prior to the February 2009 election for Town President, Meza politically supported Roberto Garcia, who was running against Larry Dominick, by passing out flyers, providing food for volunteers, and providing a truck with a poster supporting Garcia.

**ANSWER:  Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61.**

62.     Around the time of the last election (February 2009), President Larry Dominick told Meza at a Town Board meeting that he was his political enemy.

**ANSWER:  Defendant denies the allegations contained in Paragraph 62.**

*April 2009*

63.     In April 2009, the Town again directed members of the Cicero Police Department to search Serenata for underage drinking.

**ANSWER:  Defendant denies the allegations contained in Paragraph 63.**

64.     The Cicero Police claimed to Meza that someone received a phone call saying

that there was a group of girls drinking at Serenata, but refused to state who made the call.

**ANSWER: Defendant denies the allegations contained in Paragraph 64.**

65.     Cicero Police searched Serenata and did not find any under-aged drinking and did not find a group of girls.

**ANSWER: Defendant denies the allegations contained in Paragraph 65.**

66.     One of the Cicero Police Officers stated to Meza that he would put in his report that there was no incident found.

**ANSWER: Defendant denies the allegations contained in Paragraph 66.**

*July 2009*

67.     On or about July 24, 2009, the Town of Cicero came to Serenata and told Meza that the Town was closing down Serenata, contending that Serenata did not have a valid business license.

**ANSWER:  Defendant admits that Serenata did not have a valid business license in July of 2009.  Defendant denies each and every remaining allegation contained in Paragraph 67.**

68.     Serenata understood that it had until August 3, 2009 to submit the paperwork to renew the business license. The notice indicated that late fees would be assessed of $100.00 after August 3, 2009.

**ANSWER: Defendant denies the allegations contained in Paragraph 68.**

69.     The (new) Police Superintendent, Lori Lelis, proceeded to walk through the dining room area and started yelling at customers and told them to get up and leave, and told the customers that they were closing the Restaurant.

**ANSWER: Defendant denies the allegations contained in Paragraph 69.**

70.     None of the customers were allowed to finish their food or even have their food packed, nor were they given time to pay their bills.

**ANSWER:  Defendant denies the allegations contained in Paragraph 70.**

71.      The following Tuesday, July 28, 2009, Meza attended another Town Board meeting. At that meeting, Elizabeth Dominick, Larry Dominick's wife and an employee of the Town of Cicero, called Meza a "pig." Meza explained to Elizabeth Dominick that he was not a "pig" and that his name is "Gerry Meza" and he is "Mexican." The police officers in the Board Meeting told Meza to step outside. Meza did. Two Cicero police officers then approached Meza outside of the Board meeting and served him with a notice of hearing before the Cicero Liquor Commission for the next day, Wednesday, July 29, 2009.

**ANSWER: Defendant admits that Meza was served with a notice of hearing on July 28th, 2009 for July 29th, 2009.  Defendant denies each and every remaining allegation contained in Paragraph 71.**

72.      The Town issued a $500 fine and served a 5-day suspension of Serenata's liquor license for not having a valid business license.

**ANSWER:  Defendant denies the allegations contained in Paragraph 72.**

*October 2009*

73.      On October 3, 2009, Dembowski, Rocher, and Polk came to Serenata to do an undercover sting operation. They accused Serenata and Meza of serving alcohol to under-aged minors.

**ANSWER:  Defendant admits that Serenata served under-aged minors on October 3rd, 2009. Defendant denies each and every remaining allegation contained in Paragraph 73.**

74.      Meza requested to see the two women's ID's. Dembowski and Polk refused to allow Meza to see the ID's.

**ANSWER:  Defendant admits that Meza was not permitted to see the IDs on October 3rd, 2009.  Defendant denies each and every remaining allegation contained in Paragraph 74.**

17

75.    One of the women admitted in the criminal hearing to using her state ID, when she told the Cicero Police that she used her driver's license.

**ANSWER:  Defendant denies the allegations contained in Paragraph 75.**

76.    On October 3, 2009, Dembowski and Rocher falsely accused Meza of battering them.

**ANSWER:  Defendant denies the allegations contained in Paragraph 76.**

77.    Dembowski and Rocher had Plaintiff Meza arrested and criminally charged with battery.

**ANSWER:  Defendant admits that Meza was arrested and criminally charged with battery of Dembowski and Rocher.  Defendant denies each and every remaining allegation.**

78.    Defendant actively instigated, encouraged, or perpetrated the prosecution of Plaintiff Meza for battery.

**ANSWER:  Defendant denies the allegations contained in Paragraph 78.**

*December 2009*

79.    On December 27, 2009, Meza was forced to close Serenata's doors in Cicero because of the incessant harassment and retaliation against Meza and Serenata, which ultimately forced them out of business in Cicero.

**ANSWER: Defendant denies the allegations contained in Paragraph 79.**

*October 2010*

80.    On October 28, 2010, the criminal charges of battery were dismissed in Meza's favor.

**ANSWER:  Defendant admits the allegations contained in Paragraph 80.**

81.    Defendant did not have probable cause to pursue charges of battery against Plaintiff Meza.

**ANSWER:  Defendant denies the allegations contained in Paragraph 81.**

82.     Cicero has repeatedly denied Plaintiffs' rights under 235 ILCS § 5/7-5 and violated the specific provisions § 5/7-5.

**ANSWER:  Defendant denies the allegations contained in Paragraph 82.**

83.     Cicero has repeatedly deprived Plaintiffs of their due process rights before the Cicero Liquor Commission.

**ANSWER:  Defendant denies the allegations contained in Paragraph 83.**

84.     Defendant's discriminatory actions violate the Equal Protection clause and the First Amendment as they are motivated by the fact that Serenata's owner is Hispanic and has spoken out against the administration, because he withdrew political support for Dominick, and because of his association with Dominick's political enemies.

**ANSWER:  Defendant denies the allegations contained in Paragraph 84.**

85.     As a result of Defendant's conduct, Plaintiffs suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, lost profits, damage to his business, future pecuniary losses, and other consequential damages.

**ANSWER:  Defendant denies the allegations contained in Paragraph 85.**

COUNT I

**(§ 1983 – Equal Protection Violations)**

86.     Plaintiffs restate and reallege by reference paragraphs 1 through 85 as if fully set forth herein against Defendant.

**ANSWER:  Defendant refers Plaintiffs to its answers to those paragraphs and repeats them.**

87.     The actions of Defendant against Plaintiffs violated their rights guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

**ANSWER: Defendant denies the allegations contained in Paragraph 87.**

88.    Defendant's actions reflects an official policy, custom or practice of penalizing businesses, residents, and employees for discriminatory reasons and based on illegitimate animus in violation of the Fourteenth Amendment of the United States Constitution, and were committed, condoned, and perpetuated at the hands of policy makers and those to whom policy-making authority has been delegated.

**ANSWER:  Defendant denies the allegations contained in Paragraph 88.**

89.    The actions of Defendant were intentional, willful, and malicious and/or in` reckless disregard of Plaintiffs' rights as secured by 42 U.S.C. §1983 and the Civil Rights Act of 1991.

**ANSWER:  Defendant denies the allegations contained in Paragraph 89.**

90.    The acts of Defendant have caused Plaintiffs damage to their reputation, lost business, lost income and sales, lost profits, inconvenience, future pecuniary losses, and other compensatory and consequential damages. Defendant's actions have and continue to irreparably tarnish their business reputation and goodwill.

**ANSWER:  Defendant denies the allegations contained in Paragraph 90.**


**COUNT II**
**(§ 1983 – Violation of First Amendment)**

91.    Plaintiffs restate and reallege by reference paragraphs 1 through 85 as if fully set forth herein against Defendant.

**ANSWER:  Defendant refers Plaintiff to its answers to those paragraphs and repeats them.**

92.    At all times relevant hereto, Defendant acted through its final policy makers.

**ANSWER:  Defendant denies the allegations contained in Paragraph 92.**

93.     Defendant's actions reflect an official policy, custom or practice of Penalizing businesses, residents, and employees in violation of the First Amendment of the United States Constitution, and were committed, condoned, and perpetuated at the hands of policy makers and those to whom policy-making authority has been delegated.

**ANSWER:  Defendant denies the allegations contained in Paragraph 93.**

94.     By Defendant's actions, Plaintiffs suffered compensable injury and harm as a result of the denial of rights guaranteed to it pursuant to the First Amendment to the United States Constitution.

**ANSWER:  Defendant denies the allegations contained in Paragraph 94.**

95.     The conduct of Defendant violated Plaintiffs' right to free association and free speech as provided by the First Amendment to the Constitution.

**ANSWER:  Defendant denies the allegations contained in Paragraph 95.**

96.     Defendant intentionally retaliated against Plaintiffs with malice or reckless indifference to Plaintiffs' civil rights.

**ANSWER:  Defendant denies the allegations contained in Paragraph 96.**

97.     The acts of Defendant have caused Plaintiffs damage to their reputation, lost business, lost income and sales, lost profits, inconvenience, future pecuniary losses, and other compensatory and consequential damages. Defendant's actions have and continue to irreparably tarnish its business reputation and goodwill.

**ANSWER:  Defendant denies the allegations contained in Paragraph 97.**

98.     The actions of the Defendant were intentional, willful, and malicious and/or in reckless disregard of Plaintiffs' rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

**ANSWER:  Defendant denies the allegations contained in Paragraph 98.**

## __COUNTERCLAIM (BREACH OF SETTLEMENT AGREEMENT)__

1. Counter-Defendant LaPlayita Cicero, Inc., d/b/a Serenata Restaurant and Bar is an Illinois corporation and was operating as a restaurant and bar within the Town at 6007-6009 W. Cermak Road.

2. Counter- Defendant Gerardo Meza owned Serenata.

3. Counter-Plaintiff the Town of Cicero is an Illinois municipal corporation located in Cook County.

4. Venue is appropriate as all relevant events to this counterclaim occurred in the State of Illinois, County of Cook.

5. Jurisdiction is appropriate as this is a counterclaim related to a July 2009 incident referenced in the underlying federal lawsuit.

6. On July 24th, 2009, Counter-Defendant received a citation for operating Serenata without a business license.

7. On July 29th, 2009, Counter-Defendant Meza executed a settlement agreement on behalf of Serenata with respect to this citation.  A copy of the settlement agreement is attached as *Exhibit A*.

8. In the settlement agreement, Counter-Defendants admitted that the violation had occurred, agreed to pay a fine and serve a suspension, and released the Town from any and all claims related to the citation.

9. Despite this claim, Counter-Defendants continue to assert this citation as a basis for civil rights violations.  This is a breach of the settlement agreement.

10. The Town has been harmed by being forced to pay additional defense litigation costs and fees related to defending against allegations related to this incident.

WHEREFORE, Counter-Plaintiff TOWN OF CICERO respectfully requests that a judgment be entered against the Counter-Defendants for any and defense litigation costs and fees related to the July 24th, 2009 incident and any and all other just damages.

## AFFIRMATIVE DEFENSES

1. Defendant expressly reserves and does not waive its objection to Plaintiffs' filing of a supplemental complaint in this cause.

2. Defendant hereby alleges and asserts that this case is barred in whole or in part by the "one refiling rule" under 735 ILCS 5/13-217.

3. Defendant hereby alleges and asserts that this case is barred in whole or in part by the applicable statute of limitations. Specifically, two years in the case of all civil rights claims.

4. Defendant alleges and asserts that this case is barred in whole or in part by *res judicata*.

5. Defendant alleges and asserts that this case is barred in whole or in part by *collateral estoppel*.

6. Defendant alleges and asserts that this case is barred in whole or in part by claim preclusion.

7. Defendant alleges and asserts that this case is barred in whole or in part as duplicative litigation pursuant to *Serlin v. Arthur Andersen & Co.*, 3 F.2d 221, 223 (7th Cir. 1993).

Respectfully submitted,
Defendant TOWN OF CICERO

By: */s/ Cynthia S. Grandfield*
    Cynthia S. Grandfield

K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
(708) 222-7000 (t)
(708) 222-7001 (f)