## SETTLEMENT AGREEMENT

The Town of Cicero (the "Town") by and through its Deputy Local Liquor Control Commissioner, Cindy Dembowski, and La Playita Cicero, Inc./Serenata Restaurant and Bar (the "Licensee") (collectively, the "Parties" and each individually a "Party") voluntarily agree to settle and resolve all claims that the Town may have against the Licensee relating to or arising out of the Licensee operating without a business license at 6007-09 W. Cermak Avenue, Cicero, Illinois (the "Premises") in violation of local and/or state laws on July 24, 2009, in accordance with the terms of this Settlement Agreement (this "Agreement").

WHEREAS, on July 24, 2009 at approximately 8:52 p.m., members of the Cicero Police Department, proceeded to the Premises due to complaints concerning operation without a business license, which is a violation of the Code of Ordinances of the Town of Cicero, Illinois (the "Code");

WHEREAS, upon arriving at the Premises, a Cicero police officer met Gerardo Meza ("Meza"), the owner of the Licensee, who could not present a valid Cicero Business License;

WHEREAS, the Town has recourse against the Licensee for the incident occurring on or about July 24, 2009, which includes, without limitation, operating without a business license (the "Violation");

WHEREAS, in an effort to avoid further controversy, litigation, costs, legal fees and inconvenience stemming from the Violation, the Parties desire to enter into this Agreement; and

NOW, THEREFORE, in consideration of the foregoing, the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1. **Payment Terms.** The Licensee shall pay the Town the sum of Five Hundred and No/100 U.S. Dollars ($500.00), to reimburse the Town for attorneys' fees and as payment for the fines and costs incurred as a result of the Violations. The payment of Five Hundred and No/100 U.S. Dollars ($500.00) shall be paid to the Town within thirty (30) days of the execution of this Agreement.

2. **Dismissal & Settlement.** The Town agrees that it and its attorneys will dismiss all claims, hearings and motions, including any motion for revocation of the Licensee's liquor license, which stem from the Violation, save those charges for which this plea is being taken, and settle the remaining matters pursuant to the terms of this Agreement.

**DEFENDANTS' EXHIBIT 13-B**

The Town has the authority to use the Violation and any prior or subsequent violation of law, statute, ordinance, rule or regulation relating to the Licensee in any other matter or proceeding.

3. Suspension. The Licensee hereby agrees to close the Premises for five (5) days pursuant to this Agreement. The Premises shall be closed on July 29, 2009 through August 2, 2009. The Licensee may reopen on August 3, 2009.

4. Admission and Subsequent Acts. The Licensee hereby admits to the abovementioned facts.

5. Mutual Release. To the greatest extent permitted by law, each Party agrees to release the other Party regarding all claims that either Party has or might have as of the time of execution of this Agreement, whether known or unknown, directly stemming from the Violation occurring at the Premises on July 24, 2009. By way of explanation, but not limiting its completeness, each Party hereby fully, finally and unconditionally releases, compromises, waives and forever discharges the other Party from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, whether known or unknown, liquidated or unliquidated, absolute or contingent, based in law or in equity, which were or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, stemming from the Violation that occurred at the Premises on July 24, 2009.

6. Neutral Construction. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party, regardless of the Party that drafted this Agreement.

7. Effect on Agreements. This Agreement shall have no effect on any prior or future agreement, case, controversy, demand, lawsuit, cause of action or motion (the "Cases") involving the Parties, except to the extent that this Agreement may be used as evidence of the Violation in prior or future Cases. This Agreement covers only the Town's agreement to forgo seeking revocation and/or suspension of the Licensee's local liquor license for the Violation, which occurred on July 24, 2009 at the Premises, as set forth herein. This Agreement has no effect on the Licensee's duty, obligation or right to attend hearings and/or pay fines in relation to administrative ordinance violations that may have been issued to the Licensee for any other reason.

8. Agreement and Amendment. This Agreement contains the entire agreement and understanding by and between the Parties in regard to the Violations, which occurred on July 24, 2009. No representations, promises, agreements or understandings, written or oral, not herein contained shall be of any force

DEFENDANTS' EXHIBIT 13-B

or effect regarding the Violations. This Agreement may be amended only by a written document signed by authorized representatives of the respective Parties.

9. **Severability.** In the event that any material provision of this Agreement is found to be unenforceable by a judicial body or other tribunal with competent jurisdiction, the remaining provisions of this Agreement may be voided by the Party for whose benefit the unenforceable provision was intended to cover.

10. **Time To Consider Agreement.** Each Party acknowledges that it has been given a reasonable time to consider and sign this Agreement and agrees that this consideration period has been reasonable and adequate.

11. **Right to Counsel.** The Licensee acknowledges that it was informed that it has the right to consult with an attorney before signing this Agreement and that this paragraph shall constitute written notice of the Licensee's right to be advised by legal counsel. Additionally, the Licensee acknowledges that it had an opportunity to and did negotiate over the terms of this Agreement.

12. **Signing Agreement in Counterparts.** This Agreement may be executed in counterpart originals, each of which shall be deemed to be an original with the same effect as if the signatures thereto were on the same instrument. A signature affixed to this Agreement and transmitted by facsimile shall have the same effect as an original signature.

13. **Acknowledgment.** Each Party declares that it has completely read this Agreement and acknowledges that this Agreement is written in a manner calculated to be understood by each Party. Each Party fully understands the terms and contents contained in this Agreement, including the rights and obligations hereunder, and freely, voluntarily and without coercion enters into this Agreement. Further, each Party agrees and acknowledges that it has had the full opportunity to investigate all matters pertaining to each Party's claims, including any waiver or release of rights or claims that either Party may have under local, state or federal law.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the later date set forth below.

Executed:

_____  7-29-09
Authorized Representative of the Licensee      Date

DEFENDANTS' EXHIBIT 13-B

Signed and Sworn before me this _____ day of _____, 2009.

Notary Public:_____

My commission expires:_____

*Cynthia D. Lisowski*          7/29/09
Authorized Representative of the Town          Date

Signed and Sworn before me this _____ day of _____, 2009.

Notary Public:_____

My commission expires:_____

**DEFENDANTS' EXHIBIT 13-B**