IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT & BAR, and GERARDO MEZA, | |
| Plaintiffs, | |
| v. | Case No. 11 CV 05561 |
| TOWN OF CICERO, | Honorable Judge John Z. Lee |
| Defendant. | |

**PLAINTIFFS' REPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 5
TO BAR CERTAIN FACT WITNESSES (DKT. 183)**

Plaintiffs LA PLAYITA CICERO, INC. ("Serenata") and GERARDO MEZA ("Meza"), through their undersigned counsel, respond to Defendant's Motion *in Limine* No. 5 to bar certain fact witnesses (Dkt. 183). Defendant's motion should be denied for among the following reasons: (1) Defendant concedes that Defendant raised this matter by way of motion with this Court and that the Court already denied the motion; (2) two of the witnesses Defendant requests the court bar are not even listed on Plaintiffs' witness list in the pretrial order (Nicholas Vardaos, Mark Scarlato); (3) all of the witnesses that Defendant seeks to bar have been disclosed since May 2010 (back in the state court case) and at least since May 2011, and supplemented again in August 2011; (4) Defendant has failed to argue or even explain any prejudice, especially since they have known of these witnesses since 2010 and 2011, and could have sought to take their depositions to the extent the witness was not deposed in this case or in another case

against the Town of Cicero; (5) Defendant grossly misstates the case law in an attempt to support its position; and (6) Defendant's argument about the production of documents in this and the underlying state court case, are simply not made in good faith. For these reasons, and the reasons stated below, Defendant's motion to bar Plaintiffs' witnesses should be denied.

First, as Defendant concedes in its motion, "Defendants raised this matter in their Motion with Respect to Various Pending Matters Prior to Pre-Trial Filings," (Dkt. 183 at 4 (citing Dkt. 370 (1702)), "however, the Court denied Defendants' motion with respect to the relief sought concerning witnesses and Plaintiffs' Third Supplemental Rule 26 Disclosures" (*Id.* (*citing* Dkt. 112 (sic).) In denying Defendant's motion, this Court held

> For the reasons stated on the record, Defendants' motion for reconsideration with respect to supplemental pleading in case No. 11-cv-5561, and in the alternative to certify interlocutory appeal or bifurcate claims 101 is granted in part and denied in part. For the reasons discussed on the record, case no. 11-cv-1702 and 11-cv-5561 will be tried separately, with 11-cv-5561 being tried first. The remainder of the motion is denied. Furthermore, in order to promote the prompt and efficient resolution of these matters and as proposed by the attorneys, given the commonality of the issues, parties, and attorneys in the two cases, any discovery (fact or expert) taken or exchanged by the parties in one case may be used at trial in the other case, as though the discovery was taken in that case. To the extent that any party objects to the foregoing, an objection must be filed within 7 days of this order.

Dkt. 111. Defendant did not object. (*See generally* Dkt. after 111.) All of these witnesses have been disclosed since 2010 and 2011. If Defendant felt that they really need one of these witness's depositions that it had not already deposed, then it could haves simply asked. The fact that Defendant did not object as provided by the Court in its May 5,

2016 Order (Dkt. 111) and did not seek leave to take any depositions of witnesses that had been disclosed to it since 2010 and 2011, reaffirms that there is no prejudice to Defendant, even if Plaintiff had belatedly disclosed any witness under Rule 26, which Plaintiffs did not, as discussed below.

Second, two of the witnesses Defendant requests the court bar, Nicholas Vardaos and Mark Scarlato, are not even listed on Plaintiffs' witness list in the Parties' proposed pretrial order. Nicholas Vardaos is now deceased, and as to Mark Scarloto, Plaintiffs' counsel actually advised Defendant's counsel that she did not intend to call him, but yet, Defendant listed in him their motion to bar.

Third, all of the witnesses that Defendant seeks to bar have been disclosed since May 2010 (back in the state court case) and at least since May 2011, and supplemented again in August 2011. All of these witnesses were disclosed in answers to interrogatory requests in the state court case served on Defendant in May 2010; Plaintiffs' answers to discovery served in this case[1]; Plaintiffs' Rule 26 disclosures served on Defendants in May 2011; Plaintiffs' supplemental Rule 26 disclosures served on Defendants in August 2011:

---

[1] Plaintiffs' counsel served Plaintiffs' discovery answers within the time the Parties had agreed. (Dkt. 42, and 42-1 (1702).) When Judge Guzman denied the parties' joint motion to extend discovery (Dkt. 39), Defendants file a motion to compel (Dkt. 40), despite agreeing that Plaintiffs' counsel could have until August 30, 2011 to provide Plaintiffs' answers because Plaintiffs' counsel had back-to-back trials. (Dkt. 42, and 42-1 (1702).) In fact, Defendants requested an extension to answer Plaintiffs requests to admit, which Plaintiffs' counsel agreed to, and even despite the Court not extending fact discovery, Plaintiffs did not renege on that agreement. (Dkt. 42-1.)

3

Jose Alex Arista: disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests at No. 2 ¶ (e) (Dkt. 183-3), disclosed again on 5/26/11, (Dkt. 183-1 ¶ 11), and again on 8/29/11 (Dkt. 183-2 No. 6), and again on 8/31/11 (Dkt. 183-5 ¶ 45).

Jose Del Angel – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests at No. 2 ¶ (hhh) and No. 15 (Dkt. 183-3), disclosed again on 5/26/11, (Dkt. 183-1 ¶ 22), and again on 8/29/11 (Dkt. 183-2 No. 6), and again on 8/31/11 (Dkt. 183-5 ¶ 20).

James Klosak – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (z) (Dkt. 183-3), disclosed again on 5/26/11 (Dkt. 183-1 ¶ 43), and again on 8/31/11 (Dkt. 183-5 ¶ 36).

Joel Serrano - disclosed on 5/26/11 (Dkt. 183-1 ¶ 72) and again on 8/31/11 (Dkt. 183-5 ¶ 58).

*El Torito*, Angel Reynoso – disclosed on 8/31/11 (Dkt. 183-5 ¶ 77).

*El Mason*, Jose Torres – disclosed on 8/31/11 (Dkt. 183-5 ¶ 78).

Elvira Andrade – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (r) (Dkt. 183-3), disclosed again on 5/26/11 (Dkt. 183-1 ¶ 91), and against on 8/31/11 (Dkt. 183-5 ¶ 69).

Marcos Zapata – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (pp) (Dkt. 183-3), disclosed again on 5/26/11 (Dkt. 183-1 ¶ 89), and again on 8/31/11 (Dkt. 183-5 ¶ 67).

Tony DeLeone - disclosed on 5/26/11 (Dkt. 183-1 ¶ 23), and again on 8/31/11 (Dkt. 183-5 ¶ 21).

Liz Hernandez – disclosed on 8/31/11 (Dkt. 183-5 ¶ 29).

Beatrice Hernandez – disclosed on 8/31/11 (Dkt. 183-5 ¶ 30).

Nicholas Vardaos – disclosed on May 21, 2010 and again in 2011, ***but not listed in Plaintiffs' witness list to the pretrial order*** (Mr. Vardaos is now deceased).

Chris Alexapoulos, Plaintiffs' bookkeeper – disclosed on 8/31/11 (Dkt. 183-5 ¶ 76).

4

Sharon Starzyk – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (jjj) (Dkt. 183-3), disclosed again on 5/26/11 (Dkt. 183-1 ¶ 74), and again on 8/31/11 (Dkt. 183-5 ¶ 60).

Noel Uvalle – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (kkk), *see also* ¶ (bbb) *Uvalla v. Cicero*, and depositions taken in that cases[2] (Dkt. 183-3); disclosed again on 5/26/11 (Dkt. 183-1 ¶ 81; *see also* Dkt. 183-2 No. 6 (8/29/11) (depositions and testimony taken in other cases against the Town of Cicero, which are in the possession and control of Defendant Town of Cicero)), and again on 8/31/11 (Dkt. 183-5 ¶ 63).

Robert Garcia – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (s) (Dkt. 183-3), disclosed again on 5/26/11 (Dkt. 183-1 ¶ 30), and again on 8/31/11 (Dkt. 183-5 ¶ 26).

Rhonda Gross - disclosed on 5/26/11 (Dkt. 183-1 ¶ 33), and again on 8/31/11 (Dkt. 183-5 ¶ 28).

Richard Dominick– disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (r) (Dkt. 183-3), disclosed again on 5/26/11 (Dkt. 183-1 ¶ 27), and again on 8/31/11 (Dkt. 183-5 ¶ 23).

Gary Lelis - disclosed on 5/26/11 (Dkt. 183-1 ¶ 45), and again on 8/31/11 (Dkt. 183-5 ¶ 37); however, Plaintiffs do not intend to call him.

Ana Maria Montes De Oca Rojas – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (ccc), *see also* ¶ (bbb) *Rojas v. Cicero*, and depositions taken in that case (Dkt. 183-3); disclosed again on 5/26/11 (Dkt. 183-1 ¶ 50; *see also* Dkt. 183-2 No. 6 (8/29/11)), and again on 8/31/11 (Dkt. 183-5 ¶ 43).

Mercy Rojas – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (ccc), *see also* ¶ (bbb) *Rojas v. Cicero*, and depositions taken in that case (Dkt. 183-3); *see also* Dkt. 183-2 No. 6 (8/29/11)), and again on 8/31/11 (Dkt. 183-5 ¶ 42).

---

[2] Defendant Cicero's counsel in this case have represented the Town and Dominick in all of the other cases against the Town and have the deposition transcripts of these and other witnesses in those lawsuits. Defendant did not produce these documents despite Plaintiffs' document request for these documents. (E.g., Pls.' Doc. Req. No. 45.

Jeannie Serrano - disclosed on 5/26/11 (Dkt. 183-1 ¶ 71)

Officer Cruz – disclosed by Defendant (*see* Ex. 1, Def.'s Rule 26 disclosures). *See Mitchell v. Iowa Interstate RR Ltd.*, 2010 WL 2089305, at *1 (C.D.Ill. 2010) ("Under these facts, once both parties became aware of a witness with discoverable information, any failure to supplement prior Rule 26(a) disclosures was harmless.").

Leticia Gaytan – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (t) (Dkt. 183-3), disclosed again on 5/26/11 (Dkt. 183-1 ¶ 31), and again on 8/31/11 (Dkt. 183-5 ¶ 27)

Brian Petracek – disclosed on 8/31/11 (Dkt. 183-5 ¶ 48); Plaintiffs' counsel also produced his criminal file on 8/9/11 (*see* Ex. 1, Log of Production, Pls.' Production Bates Serenata_8818-8836), even though it is public record, and newspaper articles about him.

Mark Scarlato – disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (s) (Dkt. 183-3), and again on 8/31/11 (Dkt. 183-5 ¶ 56), **but not listed in Plaintiffs' witness list for the Pretrial Order**

Cindy Dembowski – became the Deputy Liquor Commissioner - disclosed on May 21, 2010 in Plaintiffs' (then Counter-Defendants') answers to Cicero's Interrogatory Requests No. 2 ¶ (l) (Dkt. 183-3), disclosed again on 5/26/11 (Dkt. 183-1 ¶ 25), and again on 8/31/11 (Dkt. 183-5 ¶ 22; *see also* ¶ 60)

Some of these witnesses were also disclosed in depositions and documents in this case, in addition to being disclosed in Plaintiffs' interrogatory answers and Rule 26 disclosures, which is not addressed herein because Plaintiff has complied with Rule 26 and Defendant is not prejudiced or shown any prejudice, especially since they have known about these witnesses since 2011 and did not file an objection in response to the Court's May 5, 2016 Order (Dkt. 111). Plaintiffs' document production also included some deposition transcripts and affidavits of these witnesses from other cases to the extent these documents were in the possession and control of Plaintiffs' counsel.

6

Plaintiffs' document production was served on Defendants in July and August 2011 (in addition to having already been served on Defendant in the state court case) and 5 pages on September 6, 2011. (*See* Ex. 1, Log of Production). Plaintiffs also noted in their discovery answers that deposition transcripts were in the possession and control of Defendants, as Defendants were also defendants in those and other related cases regarding discrimination based on race and political discrimination and retaliation. (*See* Dkt. 183-2 at 5-6, 8, 9.)

Defendant's suggestion that Plaintiff's disclosures contained little or no information is simply not accurate, and in fact Plaintiffs provided far more information than Defendant's own disclosers.[3] For example, Plaintiffs' disclosures and supplemental disclosures included such things as: Liz Hernandez (address provided): "She was present on October 3, 2009 when Plaintiffs' restaurant was targeted. She has knowledge of the events that transpired;" (Dkt. 183-5 ¶ 29); Tony De Leon (address provided): "He has knowledge of the treatment of Plaintiffs and statements made by Michael DelGaldo and Larry Dominick regarding Plaintiffs. He also has knowledge the pattern and practice of retaliation by Defendants. *See* Declaration produced in this case and produced in *Rojas v. Cicero* on 1/7/11;" Jose Alejandro ("Alex") Arista (address provided): "He has knowledge of being a political runner and directed to collect political contributions from businesses, and that business would be fined if they did not

---

[3] Defendant's disclosures in many instances are 1-sentence. (Ex. 2, 5/26/11 Def.'s Rule 26 Disclosures, *e.g.*, "Sgt. Cruz has information regarding the violations observed on 12/31/2006 that resulted in liquor citations."

7

contribute or pay money. He also attended precinct captain meetings and may have been present when President Dominick and other officers of Dominick's political organization spoke about retaliating against individuals who did not support President Dominick's political organization and/or advertised or associated with *El Dia*. *See also* his deposition testimony in *Rojas v. Cicero*, and trial transcript in *Rojas v. Cicero*. *See also Rojas v. Cicero*, Mercy Rojas's October, 2, 2009 answers to the Defendants' discovery requests; Defendants' counsel in this case was counsel of record in *Rojas v. Cicero*." (Dkt. 183-5 ¶ 29.)

On September 8, 2011, the same day that fact discovery closed in the 1702 case, Defendants supplemented their Rule 26 disclosures to state: "1. Defendant reserves the right to call any of Plaintiffs' properly disclosed witnesses, the Plaintiff, or any of the individual defendants in their own defense; 2. Based on the recent deposition testimony of Building Commissioner Zolp, Defendants, pursuant to Rule 26(c), reserve the right to call Deputy Building Commissioner Ed Ziemba, with respect to Serenata Building Cod violations in December 2006 and January 2007." (Ex. 3, Def.'s Supp. Rule 26.)

Fourth, Defendant has failed to argue or even explain any prejudice, especially since they have known of these witnesses since 2010 and 2011. Defendant could have sought to take any of these witnesses' depositions, but did not. Moreover, Defendant did not file an objection to this Court's order of May 5, 2016, further showing that there is no prejudiced. In fact, Plaintiffs would be prejudiced if any of these witnesses were barred. By way of example, Defendant seeks to bar Jose DelAngel, despite the fact that

8

he was disclosed back in 2010, Defendant's counsel took his deposition in another case, and his deposition was cited in Plaintiffs' response to Defendant's motion for summary judgment in the state court case back in 2010, and cited by this Court in its summary judgment opinion, including the following:

> According to a man named Jose del Angel, who attended "precinct captain" meetings for Dominick's political organization from 2005 to 2007, Dominick was incensed by *El Dia*'s criticism. *Id.* ¶ 25. Del Angel says that he personally heard Dominick call the members of the Montes de Oca family his "political enemies" and announce that anyone who would advertise in *El Dia* was also his political enemy. *Id.* Del Angel says in addition that he heard Dominick at precinct captain meetings referring to Mexican immigrants as "wetbacks," "spics," and "illegal fuckin' immigrants." *Id.* ¶ 65.

(Dkt. 96 at 4.) It is clear that Jose DelAngel is a key witness in this case, and why Defendant would want to bar his testimony. However, Defendant's arguments that he was "not disclosed" are simply not made in good faith.

Similarly, Defendant's attempt to bar Jose DelAngel under the erroneous assertion that he is only a pattern and practice witness should also be rejected. Obviously, DelAngel, like every other witness disclosed in Plaintiffs' witness list in the Parties' proposed pretrial order, has more information and is not limited to just evidence on a pattern and practice claim. Further, the Court's Opinion and Order on Summary Judgment did not rule on the "express policy" and "custom or usage" elements of *Monell*, but only stated that testimony from business owners is needed or else a "jury could not infer a widespread practice," (Dkt. 96 at 27 fn. 14), leaving open the door to Plaintiffs being able to prove their *Monell* claim through "pattern and

9

practice" evidence. The witnesses subject to this motion *in limine* (as well as others) will provide such testimony.

Defendant also grossly misstates the case law in an attempt to convince this Court that Plaintiffs' witnesses should be barred, despite the fact that they were disclosed. All of the cases cited by Defendant deal with complete non-disclosure under Rule 26. *See, e.g., Wilson v. AM General Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (failed to disclose witnesses at all under Rule 26); *Mitchell v. Iowa Interstate RR Ltd.*, 2010 WL 2089305, *2 (C.D. Ill. 2010) (barring the addition of undisclosed witnesses after fact discovery has closed). Defendant cites *RBS Citizens, N.A. v. Husain ("RBS")*, 291 F.R.D. 209, 214-15 (N.D. Ill. 2013) for the proposition that "Adding witnesses and supplemental generic statements of a witness's knowledge a week before the discovery cut off is improper and untimely." (Dkt. 183 at 3.) However, *RBS* had nothing to do with *supplementing* a generic statement of a witness's knowledge, but had everything to do with the defendant's failure to disclose the witness *at all*. 291 F.R.D. at 214-15. In fact, in *RBS,* the court found that the failure was not justified where the defendant had falsely asserted that they did not consult an accountant and then tried to list an accountant 2 days before the close of fact discovery. *Id.* The court found that the "false assertion that they did not consult an accountant in relation to the Loans were not harmless because these errors allowed RBS to conduct discovery under the misconception that no accountant had discoverable knowledge about the Loans." *Id.*

10

In fact, *Wilson*, cited by Defendant is more analogous to this situation even if Plaintiffs had not adequately disclosed these witnesses, which they had (as their disclosures included a general description of the information known at the time, document production including deposition transcripts and affidavits from other cases, and then supplements after more information became known). In *Wilson*, the Court held that the failure to supplement the Rule 26(a)(1) disclosures was therefore harmless:

> While it is clear that Plaintiff was aware of Moon and Sheldon, because they were included in the initial disclosures, not having any information about their areas of knowledge could have proved harmful to Plaintiff's case. Once again, however, Plaintiff waited until the eve of trial to seek the Court's assistance in this very preliminary discovery matter. It is simply too late to impose the remedy sought here, namely the exclusion of their testimony.

167 F.3d at 1122. Here, Defendant has had the information since 2010 and 2011 and have not and cannot show that they have been prejudiced.

Lastly, Defendant's unsupported arguments about Plaintiffs' production of documents are irrelevant to Defendant's motion and frivolous (like many of the other arguments made by Defendant). Plaintiffs' document production was in fact labeled as to what was being produced. (Ex. 4, Sample of Plaintiffs' Production Labeled.) Unlike Defendant who dumped almost 6,000 pages of documents on Plaintiffs on the even of trial, Plaintiffs produced documents before the close of fact discovery in the 1702 case. (Ex. 1, Log of Production.)

WHEREFORE, for the above stated reasons, Plaintiffs respectfully request the Court deny Defendant's Motion *in Limine* No. 5 to Bar Certain Fact Witnesses, and for such other relief that is just and equitable.

          Respectfully submitted,

          PLAINTIFFS LA PLAYITA CICERO, INC., d/b/a SERENATA RESTAURANT AND BAR and GERARDO MEZA

          *s/Dana L. Kurtz*

          Attorney for Plaintiffs

Dana L. Kurtz, Esq. (ARDC # 6256245)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois 60521
Phone:  630.323.9444
Facsimile:  630.604.9444
E-mail:  dkurtz@kurtzlaw.us

**CERTIFICATE OF SERVICE**

 The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys by electronic service via the Court's ECF System on this April 24, 2017.

K. Austin Zimmer  zimmer@dlglawgroup.com
Cynthia Sara Grandfield grandfield@dlglawgroup.com


             *s/Dana L. Kurtz*

13